# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO. 07-20585-CR-KING

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LARON FRAZIER,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR
## REVIEW OF PLAIN ERROR AND CORRECTION OF SENTENCE

THIS MATTER comes before the Court on Petitioner Laron Frazier's Motion for Review of Plain Error and Correction of Sentence (DE #246), filed July 9, 2012. Therein, Petitioner asks the Court to review its March 28, 2008 entry of judgment against Petitioner and modify his sentence. In short, Petitioner claims the Court erred when it accepted the parties' agreed-to offense level instead of entering the lower offense level advised by the probation officer after Petitioner and the government stated their agreement in open court. The government responds that the Court lacks jurisdiction to review its prior judgment for plain error or to modify Petitioner's sentence.[1] For the reasons discussed below, the Court finds that Petitioner's motion must be denied.

### I. BACKGROUND

On January 11, 2008, a jury convicted Laron Frazier ("Petitioner" or "Frazier") of seven of the eighteen counts returned by a federal grand jury in a Superseding Indictment (DE #57)

---

[1] *See* United States' Response to Defendant's Motion for Review of Plain Error and Correction of Sentence (DE #251), filed August 17, 2012.

against Frazier and two other defendants, Gary Bertram Roach ("Roach") and Nedson Jeanovil.[2] Before Frazier's sentencing hearing on March 28, 2008, his counsel and the government agreed that, based on an offense level of 29, Frazier's sentencing range should be 87 to 108 months. (DE #243, p. 5). After the parties agreed to this range in open court, the probation officer asked to speak with both parties and the Court, saying, "Your Honor, the parties just told me the agreement this morning, and I was going over the guidelines as we spoke just a couple minutes ago, and it looks like the total offense level should be 27, Your Honor, not 29 as the parties contemplated." (DE #243, pp. 6–7). Decreasing the offense level by two points would have reduced Frazier's sentencing guideline to a maximum of 87 months. The Court, however, noted that the parties were in agreement about the offense level being 29 (DE #243, p. 7). It sentenced Frazier to concurrent terms of 60 months' imprisonment for Counts 1, 3, 5, and 7, and concurrent terms of 108 months' imprisonment for Counts 4, 6, and 17. (DE #144; DE #243, p. 8).

Frazier timely appealed (DE #153), and the Eleventh Circuit affirmed his convictions (DE #201). On the same day Frazier filed his notice of appeal, he also filed a motion for the Court to correct his guideline calculation (DE #155) in anticipation of a possible correction of the offense level for Roach. (Probation had told the parties outside the Sentencing Hearing that Roach warranted an extra offense point.) The government's Response (DE #176), filed May 30, 2008, argued that Frazier's motion should be denied as moot because the Court had accepted the parties' agreement as to Frazier's offense level of 29. The Court denied Frazier's motion, concluding: "The instant motion seeks a further reduction in Defendant Frazier's offense level, without presenting any new or different information that the Court had not already considered

---

[2] Frazier was convicted of a multiple-object conspiracy involving acquiring and dealing firearms illegally (Count 1); dealing firearms without a license in interstate and foreign commerce (Count 3); aiding abetting or inducing another person to make false statements to a firearms dealer (Counts 4-7); and fraudulently and knowingly exporting firearms to Canada (Count 17). Frazier was acquitted of knowingly and intentionally possessing cocaine with intent to distribute (Count 15) and knowingly and intentionally exporting cocaine to Canada (Count 16).

2

when Defendant Frazier was sentenced." (DE #177). Frazier subsequently filed a habeas petition (DE #210) and a motion to vacate (DE #221).[3] Both were unsuccessful.[4]

Then on July 9, 2012, Petitioner filed the instant Motion for Review of Plain Error and Correction of Sentence. (DE #246). Therein, Petitioner describes the Sentencing proceedings and argues that the Court plainly erred by entering a total offense level of 29 and that the resulting additional 21 months imprisonment affects "substantial rights, rising to Constitutional Magnitude, violation of Due Process, and Equal Protection of law if left uncorrected." (DE #246, p. 1). The Court ordered an evidentiary hearing to determine whether it had plainly erred. (DE #249). But on August 22, 2012, this Court cancelled the hearing to provide time to research fully whether it has authority to correct what a possible mistake at the time of Sentencing. (DE #252).

## II. DISCUSSION

A district court lacks jurisdiction to hear a motion to modify a sentence, even if for plain error, except in a narrow set of circumstances. Under 18 U.S.C. § 3582(c), district courts may not modify a prison sentence, once imposed, unless: the sentencing guidelines are amended to retroactively lower the sentencing range for the relevant offense; the Bureau of Prisons moves to reduce the sentence based on extraordinary circumstances or an elderly prisoner; or as otherwise provided by Rule 35 of the Federal Rules of Criminal Procedure. Only the Rule 35 exceptions are relevant to Petitioner's case. In evaluating whether this Court has jurisdiction to review Petitioner's motion, it is first important to trace how the scope of the two Rule 35 exceptions has been narrowed significantly over the past 25 years.

Prior to November 1, 1987, courts could "correct an illegal sentence at any time", Rule 35(a), and could correct a sentence imposed in an illegal manner if a party moved for the reduction within 120 days of the sentence being imposed, Rule 35(b). This "allowed a sentencing

---
[3] Further docketing of Frazier's motion to vacate in 11-CV-20188-JLK.
[4] Frazier's motion for reconsideration of his motion to vacate also was denied. (11-CV-20188-JLK, DE #30).

3

judge substantial latitude to amend a sentence after the public sentencing hearing." *United States v. Cook*, 890 F.2d 672, 674 (4th Cir. 1989). But, as amended by the Sentencing Reform Act of 1984, Pub. L. No. 98-473, Rule 35 only "granted authority to correct a sentence after remand from the court of appeals, Rule 35(a), and to reduce a sentence in response to a government motion due to a defendant's subsequent substantial assistance in investigations and prosecutions, Rule 35(b)." *United States v. Abreu-Cabrera*, 64 F.3d 67, 71 (2d. Cir. 1995).

The 1987 amendment appeared to strip from district courts the authority to review a sentence *sua sponte* or upon a motion by the defendant. However, at least the Second and Fourth Circuits subsequently held that district courts retained "inherent power" to review sentences for plain error. *Abreu-Cabrera*, 64 F.3d at 71 (citing *United States v. Rico*, 902 F.2d 1065 (2d Cir. 1990); *Cook*, 890 F.2d 672). Following these decisions, though, Rule 35 was again amended in 1991 to limit a court's inherent authority for correcting "a sentence that was imposed as a result of arithmetical, technical, or other clear error" to the seven-day period immediately following imposition of the sentence.[5] "The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." Fed. R. Crim. P. 35 Advisory Committee's Note. These amendments left but a brief period during which the Court may modify a sentence, either on its own accord or a motion from the defendant.[6]

---

[5] In 2009, the period for correcting clear error was again amended to allow a court 14 days to correct a sentence "[i]n light of the increased complexity of the sentencing process." Fed. R. Crim. P. 35 Advisory Committee's Note. However, because Petitioner was sentenced in 2008, the seven-day window is what controls in the above-styled action.

[6] Despite Rule 35's limitations on when a district court may modify even a "plainly illegal sentence," "[t]he drafters of the Federal Rules of Criminal Procedure explicitly assumed 'that a defendant detained pursuant to such a sentence could seek relief under 28 U.S.C. § 2255 if the seven day period . . . elapsed.' " *United States v. Diaz-Clark*, 292 F.3d 1310, 1316 (11th Cir. 2002) (quoting Fed. R. Crim. P. 35 Advisory Committee's Note).

4

This Circuit and others Circuits[7] have been unequivocal about interpreting the seven-day restriction as a jurisdictional limitation, outside which district courts lack any inherent authority to hear a motion to modify. *See United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002) (citing *United States v. Morrison*, 204 F.3d 1091, 1093 (11th Cir. 2000); *United States v. Yost*, 185 F.3d 1178, 1180 n.3 (11th Cir. 1999)). "Therefore, a court's modification of a sentence outside of this seven-day period is an action taken without the requisite jurisdiction, and is a legal nullity." *Diaz-Clark*, 292 F.3d at 1317.

In the above-styled action, whether the Court has jurisdiction to review Petitioner's Motion for Review of Plain Error and Correction of Sentence is not a close question. The motion was not filed by the Bureau of Prisons, and there has been no amendment to the sentencing guidelines that would retroactively lower the range for the offense level under which Frazier was sentenced. Further, following the aforementioned amendments to Rule 35, the Court lacks inherent authority to hear a motion to modify Frazier's sentence. The Court only has jurisdiction if a motion requesting a reduction in Frazier's sentence was filed by the government and based on substantial assistance or if no more than seven days have passed since Frazier was sentenced, then upon his motion or *sua sponte*. The government has filed no such motion requesting a reduction of Frazier's sentence; in fact, the government has opposed Frazier's action. Moreover, it is undisputed that Petitioner filed this motion more than 4 years after he was sentenced—well outside the jurisdictional time-period granted by Rule 35(a).

Proceeding pro se, Petitioner provides the Court with no contrary legal authority by which the Court could grant the relief he seeks. Upon its own extensive review of the record and decisions in this Circuit and other Circuits, the Court concludes that it lacks the requisite

---

[7] *See, e.g., Diaz-Clark*, 292 F.3d at 317 (citing *United States v. Austin*, 217 F.3d 595, 597 (8th Cir. 2000); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1029 (9th Cir. 1999); *United States v. Werber*, 51 F.3d 342, 348 (2d Cir. 1995); *United States v. Lopez*, 26 F.3d 512, 520 (5th Cir. 1994) (per curiam); *United States v. Fahm*, 13 F.3d 447, 454 (1st Cir. 1994); *United States v. Dadino*, 5 F.3d 262, 265 (7th Cir. 1993)).

jurisdiction to modify Petitioner's sentence, even if entered in plain error. While this restriction on the Court's jurisdiction drastically limits the means by which a prisoner, even if erroneously sentenced, may seek a modification, the decision was Congress's to make. The Court must follow it.

### III. CONCLUSION

Where the Court once held authority to review Petitioner's motion, statutory revisions have severely limited the Court's ability to review its own sentencings. As discussed above, there exist now only four narrow exceptions within which Petitioner's sentence could be modified: by the Court for arithmetical, technical, or clear error and *within 7 days* of Sentencing; upon the government's motion based on substantial assistance provided by the defendant; upon the Bureau of Prisons motion based on extraordinary circumstances or involving an elderly prisoner; or a retroactive amendment to the guidelines that lower's the sentencing range. Petitioner's motion does not fit within any of these exceptions. Thus, the Court must deny Petitioner's motion.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that Petitioner's Motion for Review of Plain Error and Correction of Sentence (**DE #246**) be, and is hereby, **DENIED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 14th day of September, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:
Gera Peoples, AUSA
Laron Frazier, *Pro Se*
Reg. No. 79583-004
Federal Detention Center
P.O. Box 019120
Miami, FL 33101